IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KIMBERLI HIMMEL, #64708-060,** § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-1927-B-BK |
| § | |
| **WARDEN JODY UPTON, and BUREAU** § | |
| **OF PRISONS,** § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On July 27, 2018, Plaintiff filed a *pro se* request for *Emergency Injunctive Relief* against Jody Upton, the Warden of the Carswell Federal Medical Center, Fort Worth, and the Bureau of Prisons ("BOP"). Doc. 3 at 1. Plaintiff's complaint stems from the alleged denial of her request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 3 at 2-3. Because Plaintiff is proceeding without the benefit of counsel and in an abundance of caution, the Court liberally construes her request for *Emergency Injunctive Relief* as requesting a temporary restraining order.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

With her request for *Emergency Injunctive Relief*, Plaintiff includes a certificate of service indicating that she notified Defendants of this federal lawsuit and the request for a temporary restraining order.  Doc. 3 at 4.  However, even assuming Plaintiff has sufficiently complied with the notice requirement of Rule 65(b)(1), she has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result.

Thus, Plaintiff having failed to comply with all the legal requirements of Rule 65(b)(1), her request for *Emergency Injunctive Relief* should be **DENIED**.

**SO RECOMMENDED** August 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE